IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00190-MR

| | |
|---|---|
| ELIJAH ESAIAS PACHECO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WILKES COUNTY COURTHOUSE, ) | |
| et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 3]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

## I. BACKGROUND

The pro se Plaintiff, who is a pretrial detainee in the Wilkes County Jail,[1] filed this action pursuant to 42 U.S.C. §§ 1983 and 1985. Before the Complaint [Doc. 1] was reviewed for frivolity, the Plaintiff filed the instant

---

[1] The Plaintiff has been charged in Wilkes County Superior Court with first-degree burglary and felony breaking or entering a motor vehicle (Case No. 22CRS000408), felony larceny after breaking/entering, misdemeanor injury to real property, misdemeanor carrying a concealed gun, and felony attempted first-degree burglary (Case No. 22CRS000509).

Amended Complaint which is now before the Court for initial review. [Doc. 3].

The Plaintiff purports to sue as an "(Estate) – Agent." [Id. at 1]. The Plaintiff names as Defendants: "Judge/ Magistrate/ Sheriff Dept./ Jail/ DA/ Brendan Edge;" "Wilkes County Jail/Wilkes County Sheriff;" and the Wilkes County Courthouse. [Id. at 1-3]. He asserts claims for "Due Process, Freedom of Speech/ Religious Freedom … [and] "Equal Protection of Law." [Id. at 3]. He claims:

> I was forcefully removed from the hearing & thrown into a holding cell as punishment for my race &/or religious views … by the courthouse jailer & judge. Additionally I've been tried under a corporate debtor/account name & I've stated on the record that it was inaccurate….
>
> After making it clearly evident to the court that I was of the age of majority & of competency, the judge violates my right to self govern/ represent myself/ be heard as a victim in coercing me into having Brendon Edge represent me, even after I stated I did not acquiess (agree) with that. Also I made it clear to Mr. Brendon Edge that the court had mistaken my identity… but he & the court continued to refer to me as this 'Elijah Esaias Pacheco.'

[Id. at 3] (errors uncorrected).

For injury, he asserts:

> Being kept in prison/ jail – this (Wilkes County Jail) & tried under a false identity, even after making it clear that this 'ELIJAN ESAIAS PACHECO' was not me; I have since lost over five and a half months wages as the Administrator of my estate. (or at least three (since the initial preliminary hearing & torts). Being

> held in involuntary servitude as a surety fraudulently has also by this extortion, entrapment & kidnapping caused physical damage as well as emotional, from the jailhouse conditions (namely the dietary conditions) causing constipation & rectum discomfort/ hemmoroids which I've had to explain publicly, violating my own HIPPA rights.

[Id.] (errors uncorrected).

The Plaintiff seeks "restitution" for the time he has been "kidnapped," punitive damages, "a full audit of all bonds/notes/securities/debenture…" associated with his criminal cases, a "tape/show notes of the hearings," "any files associated & additionally any taxes/back taxes/tax credits lawfully owed to me," and "any moneys i.e. credits held as bailment in escrow to be drafted to my person." [Id. at 5]. The Complaint is signed "Elijah; Esaias, of the house of Pacheco agent/ fiduciary/ admin/ TTE/ executor/ Heir – Elijah E Pacheco – estate." [Id.].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Plaintiff attempts to sue as his own "Estate, … Agent, Fiduciary, … Admin., ,.. Executor, … Heir" and it appears that he is attempting to reject his pending criminal charges on the theory that he cannot be prosecuted as Elijah Esaias Pacheco, on the theory that this is actually a "corporate debtor/account name." [Doc. 3 at 1, 3]. The Plaintiff's arguments are similar to those espoused by individuals who are commonly called "sovereign citizens." The sovereign citizen movement is premised on a theory that federal, state, and local governments are illegitimate and thus, laws and regulations enacted by those bodies are unenforceable. See Shipman v. Bank of Am., No. 3:16-CV-772-RJC-DSC, 2017 WL 872651, at *2 (W.D.N.C.

4

Case 5:22-cv-00190-MR   Document 12   Filed 04/17/23   Page 4 of 8

Mar. 3, 2017), *report and recommendation adopted in part sub nom.* Shipman v. Funds Mgmt. Branch, No. 3:16-CV-772-RJC-DSC, 2018 WL 3872320 (W.D.N.C. Aug. 15, 2018). Courts across the United States have rejected the legal claims and defenses asserted by sovereign citizens, finding such claims and defenses to be "frivolous, irrational and unintelligible." Id.; see also United States v. Mitchell, 405 F. Supp. 2d 602, 604-06 (D. Md. 2005) (summarizing history of "sovereign citizen" legal theories). Here, the Petitioner's sovereign citizen-type claims are legally baseless and frivolous.[2]

Moreover, his allegations are so vague, conclusory, and nonsensical that they fail the most basic pleading requirements and fail to state any

---

[2] Further, the Plaintiff names as Defendants several parties against whom this action cannot proceed. The Wilkes County Courthouse and the Wilkes County Jail are not "persons" under §§ 1983 and 1985. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); Estate of Lagano v. Bergen Cnty. Pros. Offc., 769 F.3d 850, 854 (3d Cir. 2014) (treating the definition of "persons" the same under § 1983 and § 1985); Owens v. Haas, 601 F.2d 1242 (2d Cir. 1979) (same); see, e.g., Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) (a jail is not a "person" subject to suit under § 1983); Smalls v. Md., 22-cv-1095, 2022 WL 16839044 (D.Md. Nov. 9, 2022) (a courthouse is not a person subject to suit under § 1983). The Plaintiff names as Defendants judges/magistrates and the DA, who are immune from suit. Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (addressing judicial and prosecutorial immunity). The Plaintiff also appears to name his criminal defense attorney, who is not a state actor under § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system.").

5

plausible claim under §§ 1983 or 1985.[3]  See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

The Court has inherent authority to dismiss a frivolous action *sua sponte*.  See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)).  A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an

---

[3] To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  To state a claim under Section 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights. Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009).  To the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. §§ 2241, 2254.  The Court makes no determinations about the potential merit or procedural viability of such an action.

'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'"). Accordingly, in the exercise of its discretion, the Court will dismiss this action as frivolous.

The Petitioner is advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). As such, he is cautioned that filing further actions in this Court based on a sovereign citizen or similar theory may result in the imposition of sanctions including a pre-filing injunction.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Second Amended Complaint is dismissed as frivolous. The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his complaint and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 3] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS SO ORDERED.**

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge