## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:22-cv-00190-MR

| | | |
|---|---|---|
| **ELIJAH ESAIAS PACHECO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WILKES COUNTY COURTHOUSE,** | ) | |
| **et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's Second
Amended Complaint [Doc. 14] and Motion for Discovery [Doc. 16]. The
Plaintiff is proceeding in forma pauperis. [Doc. 9].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while
he was a pretrial detainee at the Wilkes County Jail. The Plaintiff filed an
Amended Complaint before the original Complaint had been reviewed for
frivolity. [Doc. 3]. On April 17, 2023, the Court dismissed this action as
frivolous because the Plaintiff's claims resembled sovereign citizen claims,
the Plaintiff attempted to name as Defendants several parties against whom
the action could not proceed, and the allegations were so vague, conclusory,
and nonsensical that they failed the most basic pleading requirements. [See

Doc. 12]. Because the Plaintiff already had the opportunity to amend his Complaint, the dismissal was with prejudice. [Id.]. The Court cautioned the Plaintiff that the "filing of further actions in this Court based on a sovereign citizen or similar theory may result in the imposition of sanctions including a pre-filing injunction." [Id. at 7].

On April 20, 2023, the Court received the instant Second Amended Complaint that is dated April 4, 2023. [Doc. 14]. It is, again, vague, conclusory, and nonsensical [id. at 3-5]; contains language typical of the sovereign citizen theory [see id. at 11 (signed "Administrator/TTE/ Comptroller Elijah Escacias, of the house of Pacheco")]; and names as Defendants parties who are not subject to suit [id. at 1-3].[1] The Second Amended Complaint is, therefore, dismissed as moot in this closed case and, alternatively, for the reasons set forth in the Order on initial review of the Amended Complaint. [Doc. 12]. The Court declines to impose sanctions at

---

[1] He names "Wilkes County Courthouse" and "Wilkes County Jail," which are not "persons" under § 1983; and a prosecutor and judge, who are protected by immunity as discussed in the Order on initial review of the Amended Complaint. [See Doc. 12 at 5, n.2]. He also names "Wilkes County Jail (Administration)" whom he fails to identify in any way and against whom he makes no factual allegations. See generally Fed. R. Civ. P. 8(a)(2); Schiff v. Kennedy, 691 F.2d 196, 197-98 (4th Cir. 1982) (John Doe suits are permissible only against "real, but unidentified, defendants;" "if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice").

this time because the Second Amended Complaint appears to have crossed in the mail with the Court's Order on initial review of the Amended Complaint.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Second Amended Complaint [Doc. 14] is **DISMISSED AS MOOT** and, alternatively, because it fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Discovery [Doc. 16] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge